Filed 3/14/25  WasteXperts v. Arakelian Enterprises CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WASTEXPERTS, INC., | B327712 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV19512) |
| v. | |
| ARAKELIAN ENTERPRISES, INC., dba ATHENS SERVICES, LLC, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Reversed.

Frost, Christopher Frost, John D. Maatta, David T. Shackelford and Nicholas Lauber for Plaintiff and Appellant.

Manatt, Phelps & Phillips, Ronald B. Turovsky, Donald R. Brown and Benjamin G. Shatz for Defendant and Respondent.

## INTRODUCTION

Incivility calls for an apology. Repeated incivility, coupled with inaccuracy in briefing, calls for something more. We reversed the grant of a special motion to strike filed under Code of Civil Procedure section 425.16[1] by respondent Arakelian Enterprises, Inc. dba Athens Services (Athens). (*WasteXperts, Inc. v. Arakelian Enterprises, Inc.* (2024) 103 Cal.App.5th 652 (*WasteXperts I*).) We published that opinion to emphasize the importance of civility, as counsel for appellant WasteXperts, Inc. (WasteXperts) made a lengthy series of distracting and unsupported attacks on opposing counsel and the trial court. (*Id.* at pp. 656, 666–667.) Here, we necessarily reverse the trial court's award of attorney's fees to Athens under section 425.16, subdivision (c), as Athens is no longer a prevailing defendant under that statute. But, in the interests of justice, we order WasteXperts to bear its own costs for this appeal, and we advise their counsel yet again that hyperbolic and inaccurate briefing only damages an attorney's credibility and weakens their presentation.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2022, WasteXperts filed a complaint against both Athens and the City of Los Angeles (City). Athens responded with a special motion to strike the complaint pursuant to section 425.16.[2] Under section 425.16, subdivision (g), discovery was automatically stayed as of that date.

WasteXperts filed an ex parte application asking the trial court to both shorten time on a motion to lift the discovery stay and continue the hearing

---

[1] All subsequent statutory references are to the Code of Civil Procedure, unless otherwise noted.

[2] The City was not a party to the motion or any subsequent appeal.

on the special motion to strike. Athens filed an opposition; the application was denied. The special motion to strike was heard in September 2022.

After taking the matter under submission, the court granted the motion, and authorized Athens to file a separate motion seeking attorney's fees and costs as the prevailing party under section 425.16, subdivision (c). WasteXperts appealed the court's ruling, which we ultimately reversed in *WasteXperts I, supra,* 103 Cal.App.5th at page 656. While that appeal was pending, Athens filed its motion for attorney's fees in the trial court, seeking to recover $286,099 in fees and $767.65 in costs. The court granted the motion, awarding Athens $175,000 in fees and $767.65 in costs.

WasteXperts timely appealed the order granting fees and costs.

## DISCUSSION

Section 425.16, subdivision (c) provides: "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Athens concedes that, in the wake of our decision in *WasteXperts I*, it is no longer a prevailing defendant under the statute, and therefore is not entitled to an award of fees or costs under section 425.16. (*Williams v. Doctors Medical Center of Modesto, Inc.* (2024) 100 Cal.App.5th 1117, 1145.) However, Athens objects to the hostile tone of WasteXperts's opening brief, and requests on that basis an order directing WasteXperts to bear its own costs on this appeal. We find the request appropriate and grant it.

In *WasteXperts I*, we quoted examples of comments and language from counsel's briefing that were unfounded and distracting. (*WasteXperts I, supra,* 103 Cal.App.5th at pp. 666–667.) The opening brief in this appeal contains repeated instances of the same sort of editorial commentary,

3

sometimes using the exact same words.  It also spends several pages discussing the background of the two companies and the merits of the special motion to strike.  That discussion is not relevant to the issue raised by this appeal: the amount of fees reasonably billed by Athens's counsel.  Such digressions violate California Rules of Court, rule 8.204(a)(2)(C), which requires that briefs "[p]rovide a summary of the significant facts."  (See *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 166 (*Evans*).)

While the opening brief in this appeal was filed shortly before our opinion in *WasteXperts I,* and thus before counsel was aware of our views on their verbiage, this does not wholly excuse the repetition of the previous incivility.  First, unfounded attacks on the trial court and the opposition are always unacceptable and unwise.  Counsel should not need a warning from any court on this subject.  Second, counsel for WasteXperts had ample opportunity in this appeal to offer an apology and attempt to correct the issue.  But they made no effort to do so in the four months that elapsed between *WasteXperts I* and the filing of Athens's respondent's brief, or by filing a reply brief thereafter.

Further, there were several assertions made in the opening brief here in which counsel's fervor seems to have overcome their duty of candor to this court. (Rules Prof. Conduct, rule 3.3.)  In their introduction, counsel called the trial court's fee award "the largest (and most egregious) amount that can be found in any recorded California case" for litigation of a single special motion to strike.  This assertion was repeated later, when counsel asserted that this was "the highest fee award in the history of the Anti-SLAPP statute for a successful motion in a trial court" and "more than triple the typical attorney fee award in such matters."

4

No citation was offered in support of these statements, as required by California Rules of Court, rule 8.204(a)(1)(B), other than a list of 10 individual cases in which courts awarded less than $175,000.  One practice manual for this area of the law has compiled a list of fee awards in California courts, both state and federal; many of the awards on that list approach or exceed $175,000.  (Thomas R. Burke, *Anti-SLAPP Litigation* (The Rutter Group 2024) ¶ 2:121.)  While counsel may not have been aware their statements were inaccurate, they should not have made statistical claims without citation to a survey, study, or other authoritative source.

Similarly, WasteXperts asserted that the trial court found the declaration of Ronald B. Turovsky "expressly false" and "untrue."  No such finding appears in the court's orders.  WasteXperts cited page 9 of the trial court's minute order, but Mr. Turovsky's declaration is not mentioned on that page, and there is  no credibility finding made.

The presentation of facts not supported by the record is sanctionable.  (See *Evans, supra,* 134 Cal.App.4th at p. 166.)  However, because the merits of this appeal are not contested, Athens has not been required to file a lengthy brief in response.  Athens's counsel only requests that WasteXperts bear its own costs on appeal.  For the reasons already given, we conclude such an order is justified.  (See Cal. Rules of Court, rule 8.278(a)(5).)

//

//

//

//

//

5

## DISPOSITION

The trial court's order awarding fees and costs is reversed.  Each party shall bear its own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


MORI, J.


DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

6